Judge Owsley
delivered the opinion.
This writ of error is brought for the purpose of reversing a judgment recovered by Owings, in an action brought against him, in the circuit court of Fayette, by Parker.
The object of the action is, to charge Owings, under his assignment to Parker, óf a promissory note which was given by Coleman and Megowan Iq Lewis Sanders, and by Sanders assigned to Owings.
The declaration of Partner, after setting out the execution of ,the note, and the, several endorsements thereon, and after charging the failure of Coleman and Megowan to pay, according to the tenor and effect of the nofe, al-iedges that Parker, with due diligence, commertced. an action against the payors of the note, but was unable to coerce payment, by the most vigilant prosecution of the suit against Coleman and Megowan to insolvency.
Non-assumpsit was pleaded by Owings; and on the trial of that issue, after all the evidence was gone through, the court instructed the jury, that Jhe evidence was insufficient tó maintain Parker’s action, and they ought to ftid *60 for Owings. — .These instruí lions, we are of opinion, ar^ correct. There appears to have been giver ñ v, j ■ ce a transcript of the record and proceedings in the sction prosecuted by Parker, upon the assigned note, agaim.i Cole* mac and Megowan, containing a history of the proceedings from the commencement ol t'ht writ in that action, to the final discharge of both Coleman and Megowan from execution under the law concerning insolvent debtors; but the cletk, in making out the transcript, certifies it not tocoti-ta'u l^e schedule of their estate, rendered by Coleman and Megowan upon taking tbe insolvent debtor’s oath, and the by whom the oaths were administered to them, certifies such schedules to have been rendered and aun.efc-ed to their certificate; but there was no evidence conducing to shew either the amount ef the estate contained in the* schedules, or that any proceeding had been bad to subject if to the payment of the judgment recovered by Parker,
An assign-oris not subJect 10. assignee, tho* payoriias taken the insol-oath and^urt rendered a * schedule,an-sci'liteis produced, & the amount delivered11 ^ certained -be ass gnee is bound to pur-periy!"6 pr°"
WickhJJe for plaintiff, Haggin for defendant;,
The evidence thus detailed ⅛ no doubt, sufficient to shew the discharge of Coleman and Megowan, under the law concerning insolvent debtors, but that discharge cannot, we apprehend, under the other circumstances proven in the cause’ ct)|ffer upon Parker a right to recover against Owing* on h‘s assignment, For, notwithstanding the discharge, the estate contained in the schedules of Coleman and Megow-an, became subject to the claim of Parker, and by pursuing meatls furnished him by law, he might, for aught that appears in the record, by pursuing the estate, have obtained satisfaction of bis demand It is true, the estate con-, tained in the schedules, is not proven to be sufficient to discharge Parker’s demand; but, from the evidence, we are bound to admit the schedules contain estate of some valúe, and it is not incumbent Upon an assignor to prove the pay- or is of ability to pay; but to subject the assignors, it must appear that the assignee, by diligently pursuing all legal means, has been unable to obtain payment From the payor of the assigned note.
The judgment must be affirmed with cost.